

100 CONGRESS AVENUE, SUITE 1530
AUSTIN, TEXAS 78701-2717
TELEPHONE: (512) 288-3200
FACSIMILE: (512) 288-3202

**James N. Willi** †∗
jwilli@willi.com

**Tracy J. Willi** †‡
twilli@willi.com

† *Registered U.S. Patent Attorney*

‡ *Board Certified – Civil Appellate Law*
*Texas Board of Legal Specialization*

∗ *Licensed Professional Engineer*

February 10, 2014

Hon. Paul G. Gardephe
United States District Court
Southern District of New York

Re:   Case No. 1:13-cv-09025-PGG, *Lois Greenfield v. Jill Pankey,* in the United States District Court for the Southern District of New York

Dear Judge Gardephe:

This is a request for Pre-Motion Conference filed pursuant to Rule 4 of the Individual Rules of Practice for this Court.  Defendant, Jill Pankey, requests a Pre-Motion Conference on a Motion to Dismiss Pursuant to Rules 12(B)(2) (personal jurisdiction), 12(B)(3) (improper venue), and Alternative Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(A).

Defendant's counsel requests that a Pre-Trial Conference be held by telephone since Defendant's counsel is located in Texas.  Defendant's counsel has filed a Motion for Admission Pro Hac Vice which has been granted.

**I.   Case Summary.**

Lois Greenfield is a photographer known for her black and white photographic images of dancers.  Greenfield alleges that some of the black and white photographs in her books, *Breaking Bounds* and *Airborne*, have been infringed by Jill Pankey's colorful oil on canvas paintings.

Jill Pankey works free-hand to create colorful and expressive paintings incorporating cowboy boots in memory of her late brother and motifs of sisterhood and surreal parodies of women's issues such as aging and relationships with men.  The cowboy boots are incorporated to make what might otherwise be graceful and serene look clumsy, awkward and humorous.  The accused painting *Into the Light* is one such work that incorporates cowboy boots.  The First Amended Complaint provides a deceptive "same size" comparison for each of the accused paintings, when in reality, every accused painting is huge in comparison to Greenfield photographs, which range from approximately 7.5" x 7.5" to 10" x 10".  Not a single painting that Pankey has created uses photorealism in any way.  Each of the accused paintings involve manipulating paint to make colorful and surreal scenarios that are essential to Pankey's work, but not present in any Greenfield photograph.  Every painting expresses an entirely unique message that transcends dance as compared to the stark, bare, reality created by Greenfield's photographs of dancers.

## II. Facts Demonstrating Lack of Personal Jurisdiction and Improper Venue.

Defendant, Jill Pankey, is a painter. She resides in San Marcos, Hays County, Texas. She has lived in San Marcos, Texas since 2000. She has lived in Texas her entire life. In the spring of 2013, she retired from teaching art as a senior lecturer at Texas State University, also in San Marcos, Texas.

Pankey has been to New York just once in her life when she went on a vacation having nothing to do with her art work in 2004. She had not painted any of the paintings that Greenfield accuses of infringement by that time. On her vacation, she visited museums, Times Square, and the Christmas Tree at Rockefeller Center. The earliest accused painting was painted sometime in 2005.

She own no property in New York. She has no family in New York. She holds no money in bank accounts in New York. Her paintings have never been displayed at any physical location in New York.

Greenfield has asserted that Pankey has repeatedly transacted business in New York by exhibiting the accused paintings at gallery shows hosted by Manhattan Arts International. This is not a true statement. Pankey's paintings have never been displayed at a physical location in New York. She has never submitted any other accused painting to an online competition with Manhattan Arts International except the painting *Into the Light*.

Greenfield also asserts that Pankey promoted her work to New York residents by authorizing Manhattan Arts International to post on its website at least one of the accused paintings, *Into the Light*. In 2012, the accused painting *Into the Light* won an award from the Manhattan Art International digital event called "Celebrate the Healing Power of Art – Positive Art that Lifts the Spirit." As a result of being selected as a winner, the painting was displayed on the online gallery on the Manhattan Art International website for six months. The Manhattan Arts International website is passive and no orders can be made on the website. If people are interested in purchasing art, they are directed to contact the artist directly. No one contacted Pankey during those six months to purchase *Into the Light*. The painting was ultimately sold from a gallery in Dallas, Texas in 2012. The painting was displayed and ultimately sold at the gallery in Dallas, Texas, as a result of winning an online competition entitled "New Texas Talent" hosted by that gallery.

Pankey owns and operates only one website and it is located at www.jillpankey.com. The paintings displayed on the website cannot be purchased directly from the website. If people are interested in purchasing art displayed on the website, they must contact her directly. To the extent that any of her paintings appear on other websites over which she has no ownership or control, any display of her paintings on those websites is passive and directed to all worldwide users of the Internet. No one can purchase her paintings through a stranger's website or on her website. Her paintings have never been displayed on any website that would allow a purchaser to purchase directly through the website. Further, to the extent that her paintings may appear as part of videos on YouTube.com, any display of her paintings on a YouTube.com video is passive and directed to all worldwide users of the Internet. No one can purchase her paintings through YouTube.com.

### III. Application of the Law to the Facts.

The jurisdictional argument boils down to whether displaying paintings on passive websites can sustain personal jurisdiction. This Court analyzed personal jurisdiction in a copyright infringement case under N.Y. CPLR 302(a)(1) where the only alleged contact with New York was through display of content on passive websites. *See Erickson Productions, Inc. v. Atherton Trust*, ECF No. 1:12-cv-01693, Doc. 31 slip op. at 5–6 (S.D.N.Y. March 20, 2013.) The facts in that case are similar to this case and the result in this case should be the same. This case should be dismissed for lack of personal jurisdiction.

As this court stated in *Erickson*:

"[I]t is now well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit." *Starmedia Network, Inc. v. Star Media, Inc.*, No. 00 Civ. 4647(DLC), 2001 WL 417118, at *3(S.D.N.Y. Apr. 23, 2001) (quoting *Nat'l Football League v. Miller*, No. 99 Civ. 11846(JSM), 2000 WL 335566, at *1 (S.D.N.Y. Mar. 30, 2000); *Indemnity Ins. Co. of N. Am. v. K-Line Am., Inc.*, No. 06 Civ. 0615(BSJ), 2007 WL 1732435, at *6 (S.D.N.Y. June 14, 2007) (website providing consumers with product information and the locations of retailers who carried its products, but not selling goods directly via the website, did "not constitute solicitation of business in New York because it is not targeted at New York"); *Yanouskiy v. Eldorado Logistices Sys., Inc.*, No. 1:05 CV 2202(ENV), 2006 WL 3050871, at *5 (E.D.N.Y. Oct. 20, 2006) (website containing information about the defendant's products and an inventory search device, but not allowing viewers to directly place an order without further communication, insufficient basis to assert jurisdiction).

*Id*. at 6.  In sum, Greenfield has not made a prima facie showing that Pankey purposefully availed herself of the privilege of doing business in New York, nor has Greenfield shown that there is a substantial relationship between Pankey's contacts in New York and the cause of action.  Under these circumstances, any request by Plaintiff for jurisdictional discovery aimed at uncovering other contacts Pankey might have with New York should be denied.  *See id*. at 10.

### IV. Motion to Dismiss for Improper Venue.

If a lawsuit is filed in an improper judicial district, a court may dismiss the lawsuit upon timely objection or, in the interest of justice, may transfer the case to a district where the lawsuit may have been brought.  28 U.S.C. § 1406(a).  Plaintiff's allegations do not demonstrate that venue in the Southern District of New York is proper.  Plaintiff makes the bare assertion that venue is proper under 28 U.S.C. § 1400(a) because the Defendant "may be found" in this District.  (Doc. 2, ¶ 34.)  Relator's general allegation that the Defendant "may be found" in the Southern District of New York is not supported by the facts of this case.

**V. Alternative Motion to Transfer Pursuant to 28 U.S.C. § 1406(A).**

The Court may transfer this lawsuit to the Western District of Texas, Austin Division, if: (1) the Defendant is subject to the jurisdiction of the proposed forum; (2) venue is proper in the proposed forum; and (3) the transfer is in the interest of justice. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Ms. Pankey is subject personal jurisdiction in the Western District of Texas, since all of her business activities occur in that district. Further, the evidence is located in the Western District of Texas and it would cost thousands of dollars to safely ship paintings from Texas to New York. The witnesses, including Ms. Pankey, and the gallery owners in Texas, would incur financial hardship to attend the trial of a case in New York.

The transfer is in the interest of justice. *Goldlawr*, 369 U.S. at 467. Plaintiff will not be prejudiced by the Court's transfer of this lawsuit to a district in which Defendant is subject to personal jurisdiction and in which venue is proper.

Defendant, Jill Pankey, respectfully requests this Court to conduct a Pre-Trial Conference on her proposed Motion to Dismiss Pursuant to Rules 12(B)(2) (personal jurisdiction), 12(B)(3) (improper venue), and Alternative Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(A).

I hereby certify that this letter was served on opposing counsel of record through the court's electronic filing system on this date.

Sincerely,

/s/ Tracy J. Willi__
Tracy J. Willi
Texas Bar No. 00784633
Willi Law Firm, P.C.
100 Congress Ave., Suite 1530
Austin, TX 78701-2717
(512) 288-3200
(512) 288-3202 Fax
twilli@willi.com