## TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

900 THIRD AVENUE

NEW YORK, NEW YORK 10022-4775

(212) 508-6700

FACSIMILE: (212) 371-1084

Writer's Direct Dial: (212) 702-3167
E-mail: berger@thsh.com

February 12, 2014

Honorable Paul G. Gardephe
U.S. District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2204
New York, NY  10007

Re:   *Lois Greenfield v. Jill Pankey,* 13 Civ. 9025 (PGG)(FM)

Dear Judge Gardephe:

This firm represents Lois Greenfield in this copyright action. Ms. Greenfield is a New York resident and one of this country's foremost dance photographers. The action seeks substantial damages arising when Ms. Pankey willfully appropriated thirty-three of Ms. Greenfield's most creative images and copied them onto at least twenty-one of defendant's paintings.

I write in response to the request dated February 10, 2014, by defendant Jill Pankey for a pre-motion conference. At that conference I understand Ms. Pankey's counsel intends to advise the Court of her intention to move to dismiss for lack of jurisdiction and for improper venue. I respectfully submit that that motion will be fruitless. The only case Ms. Pankey relies on, *Erickson Prods., Inc. v. Atherton Trust,* No. 12 Civ. 1693, 2013 WL 1163346 (S.D. N.Y. Mar. 20, 2013) is inapposite. In that case, defendant Atherton Trust engaged in no purposeful activity in New York. Instead, it posted infringing photos on its passive web site in California.

### Ms. Pankey Transacted Business in New York

Here in contrast, as alleged in the amended complaint (the "Complaint") at ¶¶ 26-7, Ms. Pankey, a Texas resident, purposefully availed herself of the privilege of doing business in New York beginning in the spring of 2012 and continuing through 2013. She began transacting business in the spring of 2012 when she entered *Into the Light* (and possibly other infringing paintings) in a juried art contest hosted and sponsored by the New York-based Manhattan Arts International gallery ("Manhattan") located at 200 East 72nd Street in New York City. Here is a copy of *Into the Light*, which is also reproduced at ¶ 78 of the Complaint.



Ms. Pankey entered this New York-based competition to gain exposure and increase her career opportunities. Manhattan's blog at http://healingpowerofart.blogspot.com dated May 1, 2012, promised the following benefits to winning artists:

> The winning artists will gain exposure here as well as on the Manhattan Arts International website, Healing Power of ART website, and Renee Phillips The Artrepreneur Coach blog. They will be promoted in the Manhattan Arts International email newsletter campaigns which are distributed to art enthusiasts and art professionals. We will distribute press releases in addition to announcements throughout Facebook, LinkedIn and Twitter and other venues.

When Manhattan selected Ms. Pankey's *Into the Light* as one of the top three award winners for its 2012 competition, Manhattan gave Ms. Pankey all the exposure she bargained for. She became a "Featured Artist" on the Manhattan Arts International online gallery. As a result, that website posted *Into the Light* for six months (see http://bit.ly/1m842ny) through December 5, 2012, as reflected in the screen shot below.



When a visitor to this page on the Manhattan online gallery clicked on *Into the Light*, the visitor was taken to another page on the Manhattan site featuring *Into the Light* and 5 other paintings by Ms. Pankey:



In 2013 Ms. Pankey joined with Manhattan to further promote *Into the Light*. She authorized Manhattan's Healing Power of ART blog to post on January 29, 2013, *Into the Light* accompanied by a testimonial from her about her "rewarding decision" to enter into the 2012 New York-based Manhattan competition. The header for this post together with the portion containing *Into the Light* and Ms. Pankey's testimonial are below. The entire post, viewed more than 73,000 times, is at http://bit.ly/1es00MH.





Jill Pankey, One of the Winners of Celebrate The Healing Power of ART 2012

Jill Pankey, Into The Light, oil on canvas, 30' x 40". www.JillPankey.com

Jill Pankey states, "Being a part of "Celebrate the Healing Power of ART" was one of the most rewarding decisions I have ever made. I was proud to be a part of it. I look forward to the next exhibit."

Further the Internet Archive (the Wayback machine) reveals that *Into the Light* was still posted on the Manhattan site as of February 2013:



Discovery may reveal other infringements of *Into the Light* on Manhattan-affiliated sites.

4

**Ms. Pankey's Contacts with New York Satisfy CPLR 302(a)(1)**

The Complaint at ¶ 25 rests jurisdiction on CPLR 302(a)(1) which subjects a defendant to jurisdiction in New York if it transacts any business within the state or contracts anywhere to supply goods or services in the state so long as the claim arises from that activity, *Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013).

CPLR 302(a)(1) is a single act statute, *Anderson v. Indiana Black Expo, Inc.*, 81 F. Supp. 2d 494, 501 (S.D.N.Y. 2000). That means that "[c]asual or sporadic acts, or even a single transaction of business in New York, are sufficient to give rise to jurisdiction under section 302(a)(1), provided that the claim itself arises out of those acts. *See CCS Int'l*, 1998 WL 512951, at *3." *Id.* As the New York Court of Appeals explained in *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467,527 N.Y.S.2d 195, 198-99, 522 N.E.2d 40, 43(1988):

> It [section 302(a)(1)] is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted.

Here there are more than sporadic acts or a single transaction. Ms. Pankey purposefully entered a New York-based competition by transmitting at least one infringing painting, *Into the Light*, into New York and then for nearly a year thereafter collaborated with various Manhattan gallery affiliated websites to tirelessly promote her infringing work.

Moreover the claim for copyright infringement arises from, among other things, Ms. Pankey's exploitation of *Into the Light* in New York through Manhattan Arts International. The Complaint at ¶ 5 charges that Ms. Pankey has created twenty-one paintings (of which *Into the Light* is one) that she is "selling in galleries, venues and web sites and continues to display on the Internet." Further, ¶ 156 d. charges infringement because Ms. Pankey authorized "Manhattan Arts International to post the Paintings on its online exhibition gallery."

Accordingly, there is personal jurisdiction. As a result there is also venue. The general venue provision governing copyright infringement actions provides that "civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights ... may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "May be found" requires no more contact with the forum state than is required by the state's long-arm statute. *Business Trends Analysts v. Freedonia Group, Inc.*, 650 F. Supp. 1452, 1457 (S.D.N.Y. 1987). Thus, Ms. Greenfield respectfully submits that Ms. Pankey's proposed motion to dismiss for alleged lack of personal jurisdiction and venue is without merit.

Respectfully submitted,

Andrew Berger

cc:  Tracy J. Willi, Esq. (by email)